IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY ORTIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:01 cv 75 DRH |
| ) | |
| WILLIAM KILQUIST, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by the defendant, William Kilquist, on November 17, 2004 (Doc. 73). For the reasons set forth below, it is **RECOMMENDED** the motion be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law:

Findings of Fact

The plaintiff, Johnny Ortiz, file his original complaint on February 5, 2001 in which he named a number of defendants. Ortiz attempted to amend his complaint on April 9, 2002 (Doc. 10), however, that amended complaint was stricken by Magistrate Judge Gerald B. Cohn by an order dated April 23, 2002 (Doc. 13). Thereafter, Ortiz filed another amended complaint (Doc. 15) in which he asserted claims against defendants William J. Kilquist, Linda Brown, Jeff Whitbeck, Jeff Sykes, Brian Chapman, and Terry Alexander.[1] In this amended complaint, Ortiz asserts that defendants Whitbeck, Sykes, and Chapman are substituted for the John Does listed in

---

[1] The plaintiff's claims against Linda Brown and Terry Alexander were dismissed without prejudice by an order dated March 7, 2002 (Doc. 8).

his original complaint. Ortiz does not reiterate his allegations, nor are there any new allegations in this amended complaint. Of these named defendants, Kilquist and Whitbeck appeared and filed a motion to dismiss on June 5, 2002 (Doc. 18) and Chapman appeared on June 24, 2002 (Doc. 19) and filed a motion to dismiss on August 9, 2002. (Doc. 22)

On January 27, 2003, District Judge Herndon issued an order denying the motions to dismiss and granting the plaintiff leave to file a second amended complaint . (Doc. 33) Prior to this order, the plaintiff already had filed a second amended complaint on January 10, 2003. (Doc. 32) In this second amended complaint, which again did not reproduce the entire original pleading, Ortiz reiterated some of his claims and identified, as defendants, Chapman, Kilquist, and Whitback, only. After a second round of motions to dismiss, Judge Herndon dismissed defendant Whitback and adopted a report and recommendation that recommended that defendant Kilquist be dismissed in his individual capacity and that punitive damages request against Kilquist, in his official capacity, be stricken. (Docs. 61 and 62)[2] Defendant Chapman filed an answer to the second amended complaint on December 22, 2003. (Doc. 56) However, on March 2, 2004, upon Ortiz's own motion, defendant Chapman was dismissed from this lawsuit. (Doc. 63) As of the date of this order, then, defendants Whitback, Chapman, and Kilquist, in his

---

[2] In the order concerning defendant Kilquist's motion to dismiss and to strike, Judge Herndon stated that "[t]he Court **GRANTS** Defendant Kilquist's motion to dismiss and **DISMISSES with prejudice** Plaintiff's complaint as to Defendant Kilquist (Doc. 49). The Court **GRANTS** Defendant Kilquist's motion to strike and **STRIKES** from Plaintiff's complaint all claims for punitive damages against Defendant Kilquist (Doc. 49)." While the order may appear to indicate that all claims against defendant Kilquist were dismissed, it is clear from the body of the order, the motion to dismiss and strike, and the report and recommendation that Kilquist, in his individual capacity only, was dismissed, and that the punitive damages count against Kilquist, in his official capacity, was stricken. Therefore, all other claims against Kilquist, in his official capacity, remain pending.

individual capacity, have been dismissed with prejudice. Defendants Brown and Alexander have been dismissed without prejudice and Ortiz has included them in the caption of his amended complaint (Doc. 15) but has excluded them from his second amended complaint (Doc. 32). Defendant Sykes, who was added in the amended complaint (Doc. 15) but excluded from the seconded amended complaint (Doc. 32), never has been served nor has he entered an appearance or filed any responsive pleading.

    Presently before the Court is defendant Kilquist's motion for summary judgment on Ortiz's official capacity claims. Even though this matter is currently pending on the second amended complaint, the original complaint and the amended compliant must be considered as the plaintiff did not reproduce his entire pleading when filing the seconded amended complaint. Ortiz claims (in the original complaint) that when he was a pretrial detainee, he was placed at the Jackson County Jail where defendant Kilquist is the Sheriff. He states that on February 15, 1999, Sheriff Kilquist maintained a policy of housing detainees in a freezing cold and inadequately furnished cells as punishment for persons arrested on charges like his, assault. Ortiz further alleges that Sheriff Kilquist had a policy of denying detainees, such as himself, grievance forms, jail regulations and rules, and visits to the law library. Ortiz adds no new allegations against Sheriff Kilquist in the amended complaint. In the second amended complaint, however, Ortiz asserts that Sheriff Kilquist's "policy of allowing the use of filthy, cold, unsanitary cells and the placement of nude prisoners in such cells violated plaintiff's 5th and 8th U.S. Constitutional rights." (Second Amended Complain at p. 3, ¶10) He further alleges that Sheriff Kilquist "is also responsible for the conduct of his employees." (Second Amended Complain at p. 3, ¶11) The plaintiff reiterates his demands for compensatory and punitive

damages and a declaratory judgment.

Ortiz was granted an extension of time to file a response to this motion and was ordered to respond by January 30, 2005. The plaintiff further was notified by the Court, pursuant to the dictates of Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982), of the penalties for failing to respond to this motion (the defendants failed to provide such notification to the plaintiff). He further was given additional time, up to May 9, 2005, to file any such response to this pending motion. The plaintiff has failed to respond to this motion, despite being given ample opportunity to respond.

Conclusions of Law

Pursuant to Local Rule 7.1(c) this Court may, at its discretion, consider the failure to respond as an admission of the merits of the motion for summary judgment. As the plaintiff has been given two extensions and notification of the consequences of failing to respond, this Court will construe the failure to respond as an admission of the merits of the defendant's motion. Therefore, for this reason alone, the motion must be granted. In any event, if the merits of the motion are considered, the defendant still is entitled to judgment.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haefling v. United Parcel Service, Inc., 169 F.3d 494, 497 (7th Cir. 1999); Dempsey v. Atchison, Topeka and Santa Fe Railway Company, 16 F.3d 832, 836 (7th Cir. 1994). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999). A fact is

material if it is outcome determinative under applicable law.  Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999); Smith v. Severn, 129 F.3d 419, 427 (7th Cir. 1997); Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1173 (7th Cir. 1997).  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  Plair v. E.J. Brach & Sons, Incorporated, 105 F.3d 343, 346 (7th Cir. 1997); Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir. 1994); Dempsey, 16 F.3d at 836.  Finally, summary judgment "will not be defeated simply because motive or intent are involved."  Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir. 1994).  *See also* Miller, 168 F.3d at 312; Plair, 105 F.3d at 347; Cf. Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1261 (7th Cir. 1993); Lac Du Flambeau Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir. 1993).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986)

*See also*: Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2553, 91

5

L.Ed.2d 265, 273 (1986); Haefling, 169 F.3d at 497-98; Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997); Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997).

As already held by the Court, the plaintiff cannot maintain a claim that Sheriff Kilquist failed to properly supervise those deputies who handled the plaintiff while he was at the Jackson County Jail. See Report and Recommendation dated December 18, 2003 (Doc. 55) and Order dated March 1, 2004 (Doc. 62); See also, Perkins v. Lawson, 312 F.3d 872, 875 (7th Cir. 2002) ("Under §1983, there is no respondeat superior liability."); Jarrard v. CDI Telecommunications, Inc., 408 F.3d 905, 911-912 (7th Cir. 2005) (discussing the law of the case doctrine). In order to succeed in his 42 U.S.C. §1983 unconstitutional policy or practice claim against Sheriff Kilquist,[3] in his official capacity, the plaintiff must show:

> (1) an express policy that, when enforced, causes a constitutional deprivation;
>
> (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or
>
> (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.
>
> Rasche v. Village of Beecher, 336 F.3d 588, 597-598 (7th Cir. 2003) (citing Palmer v. Marion County, 327 F.3d 588, 594-595 (7th Cir. 2003)).

See also Perkins, 312 F.3d at 875. The plaintiff cannot prevail on any of these theories. First, the plaintiff has come forth with no evidence that the jail had an express policy of punishing

---

[3] The defendant has indicated that Sheriff Kilquist was replaced by Sheriff Robert Burns as the Jackson County Sheriff on October 1, 2003 and should be substituted for Sheriff Kilquist automatically.

pretrial detainees by placing them in cold and unsanitary jail cells, by compelling them to remain nude, or by denying them legal material. Second, the plaintiff has come forth with no evidence that there was a custom or usage that led to unconstitutional deprivations. Finally, the plaintiff has come forth with no evidence that Sheriff Kilquist had final policy making authority.

On the contrary, the undisputed evidence reveals that there is no official policy that requires the jail to place a pretrial detainee in unconstitutional conditions or to deprive the plaintiff of necessary legal materials. The policy statements attached to Jeffrey Whitbeck's (the deputy sheriff who was a supervisor when the plaintiff was booked) affidavit (Doc. 77), show that the jail has a policy of providing inmates with minimal necessities including a blanket and bedding, that the jail has an official policy of maintaining clean, sanitary, and appropriate environmental conditions. (Jeffery Whitbeck Affidavit at Ex. 1, pp. 9 and 18) There also is no unwritten policy that would deprive the plaintiff of his rights. Robert Popejoy, the maintenance supervisor for the Jackson County Jail, has indicated that the jail has a centralized heating and cooling system that is maintained at 75 degrees and that individual cells, including the one that the plaintiff was housed in on February 15, 1999 to February 16, 1999 does not have individual temperature controls. (Robert Popejoy Affidavit at ¶¶ 2-3) Popejoy also indicates that cells are cleaned at least once a day. (Popejoy Aff. at ¶4) Whitbeck and correctional officer Charles Glidewell, who booked the plaintiff on February 16, 1999, also indicated that the cell where the plaintiff was held appeared to be clean and functioning. (Whitbeck Aff. at ¶¶ 27-28; Charles Glidewell Aff. at ¶¶ 5-6) Moreover, there has been no showing that Sheriff Kilquist was the person with final policymaking authority.

In sum, the plaintiff has come forth with no evidence to support his claim against Sheriff

Kilquist and his claim must fail.  See Koszola v. Board of Education of City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004).  The undisputed evidence reveals that there was no policy, official or unofficial, that functioned to deprive him of any constitutional right.  There has been no showing that the plaintiff can prevail on this claim.  See Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003) (stating that "summary judgment is proper when the plaintiff's case consists of factually unsupported claims . . . ," that the plaintiff cannot merely rest on the pleadings, and that the plaintiff must show specific facts that are not merely speculation of conclusory statements).  For these reasons, summary judgment must be granted.

As a final matter, this Court further recommends that the plaintiff's entire second amended complaint be dismissed with prejudice.  The plaintiff cannot now assert a claim against defendants Brown and Alexander even though they are named in the caption of the amended complaint.  There are no claims against these parties in the second amended complaint.  In addition, this Court recommends that defendant Sykes be dismissed from this lawsuit, with prejudice, for the failure to prosecute, the failure to properly serve him, and because this defendant also is not named in the second amended complaint.

For the reasons set forth above, it is **RECOMMENDED** that Sheriff Robert Burns be **SUBSTITUTED** as defendant for Sheriff William Kilquist, that the Motion for Summary Judgment filed by the defendant, William Kilquist, on November 17, 2004 be **GRANTED** (Doc. 73), that this case and all defendants be **DISMISSED WITH PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a

timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 18, 2005**

                **s/ Donald G. Wilkerson**
                **DONALD G. WILKERSON**
                **United States Magistrate Judge**